UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIENVENIDO P. ONG,

                        Plaintiff,

        -against-

TOWN OF WALKILL BUILDING DEPT. &
PERSONNEL; SENIOR HORIZONS AT
SILVER LAKE; NEW YORK STATE
ORANGE COUNTY SHERIFF'S
DEPARTMENT,

                        Defendants.

25-CV-2123 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, asserting

claims arising from his eviction from his residence in Middletown, New York.[1] By order dated

August 1, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that

is, without prepayment of fees. The Court dismisses the complaint for failure to state a claim,

with 30 days' leave to replead.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

---

[1] Plaintiff initiated this action by submitting a document that included both his complaint
and his request to proceed without payment of the fees. By order dated March 19, 2025, the
Court directed Plaintiff to submit a fee waiver request and a separate complaint. On March 25,
2025, Plaintiff submitted a fee waiver request, but he never filed a separate complaint, although
he did submit exhibits on August 7, 2025. (*See* ECF 7.) The operative pleading is therefore the
initial submission, docketed at ECF 1.

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept,

however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal

conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions

from well-pleaded factual allegations, the court must determine whether those facts make it

plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the Town of Wallkill Building Department ("Wallkill

Building Department"), Senior Horizons at Silver Lake ("Senior Horizons"), and the New York

State Orange County Sheriff's Department. In the complaint, Plaintiff states that Defendants

"locked up & seized all belo[n]ging and change my door lock before warrant was issued."[2] (ECF

---

[2] The Court quotes from the complaint verbatim. Plaintiff uses irregular capitalization and bold emphasis throughout the complaint. For readability purposes, the Court uses standard capitalization and omits all emphasis. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

1, at 5.) He further claims that Defendants acted maliciously "to destroy" him, referring to a state

court case. (*Id.*) In the state court case, which Plaintiff claims was dismissed on May 17, 2022,

he alleges that Defendants initiated "legal proceedings" in the "absence of probable cause," and

that there was a "favorable termination of the proceedings for the plaintiff." (*Id.*) Plaintiff asserts

Fourth Amendment claims under 42 U.S.C. § 1983 and conspiracy claims under 42 U.S.C.

§ 1985.

Plaintiff attaches to his complaint documents showing that Senior Horizons, Plaintiff's

landlord, initiated an eviction proceeding against Plaintiff, and that a final judgment, issued on

July 11, 2022, by the Honorable Patrick S. Owen, directed the Orange County Sheriff to evict

Plaintiff from his Middletown, New York residence. (See id. at 12-14.) One of the documents, a

notice issued from the Wallkill Town Court, which is dated May 17, 2022, states that the

eviction proceedings would be adjourned to June 13, 2022. (*See id.* at 12.)

## DISCUSSION

### A.    Constitutional claims against Senior Horizons

Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Senior Horizons violated his

constitutional rights by initiating eviction proceedings against him. To state a claim under

Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the

United States was violated, and (2) the right was violated by a person acting under the color of

state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are

therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir.

2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S.

288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties.").

Senior Horizons is a private party, and Plaintiff has not alleged that this defendant works for any state or other governmental body. Although there are limited circumstances in which a private actor can be deemed a state actor for Section 1983 purposes,[3] providing housing is not one of those circumstances. *See, e.g.*, *George v. Pathways to Hous., Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function' within the meaning of section 1983."). Plaintiff therefore cannot state a Section 1983 claim against Senior Horizons, and the Court dismisses the claims against this defendant for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Constitutional claims against Wallkill Building Department and the Orange County Sheriff**

Plaintiff appears to bring two claims arising from this eviction proceedings, a malicious prosecution claim and a due process claim. Neither claim states facts suggesting a violation of his constitutional rights.

**1.    Malicious Prosecution**

The complaint does not state any facts suggesting that any authority prosecuted Plaintiff. Rather, it appears that Plaintiff experienced his eviction as a prosecution. Because Plaintiff does not name any defendant who was involved in a criminal proceeding against Plaintiff, that terminated in Plaintiff's favor, the Court dismisses Plaintiff's malicious prosecution claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Those limited circumstances include where (1) the nominally private entity acts "pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) the state encourages, or the entity willfully participates, in a joint activity with the state, or the "entity's functions are 'entwined' with state policies"; or (3) the entity "has been delegated a public function by the [s]tate." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d. Cir. 2008) (per curiam) (quoting *Brentwood Acad.*, 531 U.S. at 296)).

## 2.    Due Process

The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law."[4] *Rivera-Powell v. N.Y. City Bd. of Elect.*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

In cases arising from a government official's random and unauthorized actions (rather than from an established procedure), it would be impossible to provide meaningful due process before deprivation of the property interest because the government cannot predict precisely when such deprivations will occur. *See, e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1986). Thus, if state law provides a meaningful remedy after deprivation of the property interest, such random and unauthorized acts do not violate the right to procedural due process. *See id.* at 533; *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

New York law explicitly provides that the state court in which summary eviction proceedings have been brought retains continuing jurisdiction. *See* N.Y. R.P.A.P.L. § 749(3)

---

[4] The Court assumes, for purposes of this order, that Plaintiff had a property interest in his rental unit.

("Nothing contained herein shall deprive the court of the power to . . . restore the tenant to possession subsequent to execution of the warrant."); *Brusco v. Braun*, 84 N.Y.2d 674, 681 (1994) (noting that, under New York law, tenants "are protected by . . . the continuing jurisdiction of the Civil Court over the landlord/tenant disputes"). One remedy available to tenants claiming that an eviction was carried out improperly is to seek relief from the court overseeing the eviction proceedings, including asking to be restored to possession, if appropriate. *See, e.g.*, *Ray v. New York City Off. of the Sheriff*, No. 17-CV-1586 (AJN), 2018 WL 1583300, at *4 (S.D.N.Y. Mar. 27, 2018) ("The day after constructive possession was granted to Chen, Plaintiffs moved by Order to Show Cause in the Civil Court seeking an order granting immediate access to the apartment and invalidating the eviction due to improper notice."); *Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *8 (S.D.N.Y. July 23, 2014) ("Where loss of property was random and unauthorized, courts have found that New York provides an adequate postdeprivation remedy in the form of state law causes of action for negligence, replevin, or conversion." (citation omitted)).

Plaintiff alleges that the Orange County Sheriff evicted him from his rental unit before the eviction warrant was issued, suggesting that the Sheriff acted without authorization. Because New York State law provides meaningful post-deprivation remedies to cure a random and unauthorized act depriving Plaintiff of possession of his residence, *see, e.g.*, *Pelt v. City of New York*, No. 11-CV-5633, 2013 WL 4647500, at *12 (E.D.N.Y. Aug. 28, 2013) (availability of various processes under New York law to challenge eviction "more than protect against an erroneous deprivation") (internal quotation marks and citation omitted), and nothing in the complaint suggests that Plaintiff took advantage of this state court remedy, or that this remedy

6

was in any way inadequate, Plaintiff does not state a due process claim. The Court therefore

dismisses this claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Conspiracy claims under Section 1985

Plaintiff invokes Section 1985 and claims that Defendants conspired to violate his rights.

To state a claim under Section 1985, a plaintiff must allege (1) a conspiracy (2) for the purpose

of depriving a person or class of persons of the equal protection of the laws, or the equal

privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and

(4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a

citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir.

2007). Furthermore, the conspiracy must also be motivated by "some racial or perhaps otherwise

class-based, invidious discriminatory animus behind the conspirators' action." *Palmieri v.

Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted). "[C]omplaints containing only

conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to

deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive

allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v.

Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

Claims under Section 1985 must be alleged "with at least some degree of particularity"

and must allege that the "overt acts which defendants engaged in . . . were reasonably related to

the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546

(S.D.N.Y. 2004).

Here, Plaintiff does not allege that Defendants entered into an agreement, nor does he

detail the inception or operation of any conspiracy. He also does not allege plausibly that

Defendants' conduct regarding the eviction proceedings was motivated by any racial or class-

based animus. He therefore does not state any facts in support of his conspiracy claims, and the Court dismisses this claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim regarding his eviction, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    August 26, 2025
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.